UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| LARRY E. HOWARD and JOAN M. HOWARD,<br><br>                     Plaintiffs,<br><br>  v.<br><br>UNITED STATES OF AMERICA,<br><br>                     Defendant. | NO: CV-08-365-RMP<br><br>ORDER DENYING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

      Plaintiffs are Dr. Larry Howard ("Dr. Howard") and Joan Howard ("Ms. Howard"), collectively ("the Howards"). Defendant is the United States of America. The Howards and the United States each have moved for summary judgment (Ct. Rec. 20; Ct. Rec. 25). Jurisdiction is conferred upon this Court by Title 28 U.S.C., § 1346(a)(1).

      The central issue in dispute is the proper tax classification of goodwill during the sale of a dental practice. The first issue is whether a solely owned Washington corporation can own the goodwill generated by a dentist (see Ct. Rec.

ORDER DENYING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 1

30 at 2-3). The second issue is whether a covenant not to compete between the dentist and the corporation affects the ownership of the goodwill.

## I. BACKGROUND

Dr. Howard began practicing dentistry in 1972 (Ct. Rec. 21 at 2). In 1980 he incorporated his practice as the sole shareholder, officer, and director of the corporation Larry E. Howard, D.D.S. ("Howard Corporation") (Ct. Rec. 21 at 2). Also in 1980, Dr. Howard entered into an employment agreement and a covenant not to compete with Howard Corporation (Ct. Rec. 28, Ex F). The covenant not to compete states that Dr. Howard, the employee, "so long as he holds any stock, and for a period of three (3) years thereafter, shall not engage, as principal, partner, agent, employee, shareholder, director, officer, or in any other manner or capacity, or have any financial interest, in any business which is competitive to that of the Company within fifty (50) miles of Spokane, Washington" (Ct. Rec. 28, Ex F, Paragraph 19). The agreement did not address whether the ownership of goodwill belonged to Howard Corporation or Dr. Howard (Ct. Rec. 23 at 2).

All parties acknowledge that as sole shareholder, director, and officer of the corporation, Dr. Howard had the ability to modify or cancel the 1980 employment agreement at anytime and that Dr. Howard was bound by the terms of the 1980 employment agreement and covenant not to compete with Howard Corporation throughout the relevant time period of this case (Ct. Rec. 23 at 4; Ct. Rec. 32-2 at

ORDER DENYING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 2

3). Plaintiffs contend that the Asset Purchase Agreement terminated the covenant not to compete in the 1980 employment agreement, although there is no evidence that Dr. Howard ever did modify or revoke the 1980 employment agreement or the covenant not to compete.

In 2002, Dr. Howard and Howard Corporation sold the practice to Dr. Brian Finn and his personal service corporation, Brian K. Finn, D.D.S., P.S. ("Finn Corporation"). That agreement was entitled the Asset Purchase Agreement (Ct. Rec. 22-7 at 75). In the Asset Purchase Agreement, Dr. Howard was allocated $549,900 for his personal goodwill and $16,000 for consideration regarding a covenant not to compete with Finn Corporation (Ct. Rec. 22-7 at 76; Ct. Rec. 22-7 at 95). Howard Corporation received $47,100 for its assets (Ct. Rec. 27 at 5).

The Howards filed a 2002 federal income tax return and reported $320,358 as long-term capital gain income resulting from the sale of goodwill to Finn Corporation (Ct. Rec. 1 at 2). An Internal Revenue Service ("IRS") audit of Dr. Howard's 2002 return resulted in the IRS recharacterizing the sale of the goodwill as a corporate asset and treating the amount received by Dr. and Ms. Howard from the sale to Finn Corporation as a dividend from Dr. Howard's professional service corporation in the amount of $320,358 (Ct. Rec. 1 at 3). Because of the difference in long-term capital gain rates and dividend income rates, the Internal Revenue

ORDER DENYING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 3

Service charged Dr. and Ms. Howard with a deficiency of $60,129, together with interest of $14,792.17 (Ct. Rec. 1 at 3).

The Howards paid the full amount that the IRS charged and then filed a claim for refund of that amount, together with statutory interest from the payment date (Ct. Rec. 1 at 3). When six months had passed after the claim was filed, the Howards filed this lawsuit pursuant to 26 U.S.C. § 7422; *see also Thomas v. United States,* 755 F.2d 728, 729 (9th Cir. 1985).

All parties agree that there are no material facts in dispute and that judgment as a matter of law is appropriate (Ct. Rec. 26 at 5; Ct. Rec. 30 at 3).

The Howards argue that the goodwill was personal to Dr. Howard and that he was entitled to claim the proceeds from the goodwill as a long term capital gain. The government argues that the goodwill was Howard Corporation income for three main reasons: first, the goodwill at issue was a corporate asset, because Dr. Howard was a Howard Corporation employee with a covenant not to compete for three years after he no longer held Howard Corporation stock; second, Howard Corporation earned the income, and correspondingly earned the goodwill; and third, attributing the goodwill to Dr. Howard does not comport with the economic reality of Dr. Howard's relationship with Howard Corporation.

ORDER DENYING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 4

## II. APPLICABLE LAW

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). A key purpose of summary judgment "is to isolate and dispose of factually unsupported claims . . . ." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *See Celotex*, 477 U.S. at 323. The moving party must demonstrate to the Court that there is an absence of evidence to support the non-moving party's case. *See Celotex Corp.*, 477 U.S. at 325. The burden then shifts to the non-moving party to "set out 'specific facts showing a genuine issue for trial.'" *Celotex Corp.*, 477 U.S. at 324 (quoting Fed. R. Civ. P. 56(e)).

A genuine issue of material fact exists if sufficient evidence supports the claimed factual dispute, requiring "a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Service, Inc. v. Pacific Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir.1987). At summary judgment, the court draws all reasonable inferences in favor of the nonmoving party. If the nonmoving party

ORDER DENYING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 5

produces direct evidence that contradicts direct evidence produced by the moving party, the court must assume the truth of the nonmoving party's direct evidence with respect to that fact. *T.W. Elec. Service, Inc.*, 809 F.2d at 631.

In order to resolve issues of tax liability arising from legal interests, the Court must look both to state law for the determination of the legal interest and federal law for the taxation of the interest. *See Drye v. United States,* 528 U.S. 49, 58 (1999) (quoting *Morgan v. Commissioner*, 309 U.S. 78, 80 (1940) (state law creates legal interests and federal law designates what interests are taxed). "In a refund suit the taxpayer bears the burden of proving the amount he is entitled to recover. It is not enough for him to demonstrate that the assessment of the tax for which refund is sought was erroneous in some respects." *United States v. Janis*, 428 U.S. 433, 440 (1976) (cite omitted).

In this case, the issue is whether Dr. Howard or Howard Corporation owned the income from selling the goodwill. "[T]he essence of goodwill is the expectancy of continued patronage, for whatever reason. . . . the probability that old customers will resort to the old place without contractual compulsion." *Comm'r v. Seabord Finance Co.,* 367 F.2d 646, 649 (9th Cir. 1966). Accrued goodwill can be attributed to an individual employee or to a company, depending on the employment relationship between the two. *Martin Ice Cream Co. v. Comm'r,* 110 T.C. 189, 207 (1998). Similarly, "there is no [corporate] goodwill where . . . the

ORDER DENYING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 6

business of a corporation is dependent upon its key employees, unless they enter into a covenant not to compete with the corporation or other agreement whereby their personal relationships with clients become property of the corporation." *Norwalk v. C.I.R.*, T.C. Memo. 1998-279, 1998 WL 430084 (U.S. Tax Ct. 1998).

## III. DISCUSSION

The Howards rely on Washington State dissolution case law to support the idea that professional goodwill in Washington is a community property right in dissolution cases: *Matter of Marriage of Fleege,* 91 Wash.2d 324, 326 (1979); *In re Marriage of Hall,* 103 Wash.2d 236 (1984); *In re Marriage of Lukens*, 16 Wash.App. 481(1976). "[G]oodwill is indeed a factor which has value to a professional person and should be included among the assets distributed upon marriage dissolution." *Matter of Marriage of Fleege,* 91 Wash.2d 324, 326 (1979). The Howards argue that Washington State recognizes the personal nature of the classification of goodwill. *See, e.g., Matter of Marriage of Fleege,* 91 Wash.2d 324, 326 (1979) (a professional "can expect a large number, if not most, of these patients to accept as their dentist a person to whom he sells his practice. . . . a part of goodwill, and they have a real pecuniary value").

In addition, the Howards argue that it is dispositive in this case that the 2002 Asset Purchase Agreement with Finn Corporation classified the Howard Corporation goodwill as a personal, non-corporate asset (Ct. Rec. 21 at 7; Ct. Rec.

ORDER DENYING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 7

23 at 3). The Government objects that allowing the terms of the Asset Purchase Agreement to control over the economic reality of Dr. Howard's relationship with Howard Corporation violates the common taxation rule of substance over form. *See Frank Lyon Co. v. United States*, 435 U.S. 561, 573 (1978) (stating "the Court [looks] to the objective economic realities of a transaction rather than to the particular form the parties employed").

In this case, the 2002 Asset Purchase Agreement is nondispositive of whether the goodwill acquired from 1980 to 2002 was personal or corporate in nature. Dr. Finn testified that the price for the dental practice had been presented and accepted, without negotiation, and that he did not recall any discussion as to the allocation of the proceeds (Ct. Rec. 28, Ex. B). Therefore, the Court finds that the allocations presented in the 2002 Asset Purchase Agreement are not dispositive of the goodwill ownership issue, nor a valid reflection of the relationship between Dr. Howard and Howard Corporation.

The Howards' second argument is that Dr. Howard, as sole owner, officer, and director of his corporation, could modify the 1980 employment agreement with Howard Corporation and did so through the 2002 Asset Purchase Agreement with Finn Corporation. The Howards contend that the 2002 Asset Purchase Agreement terminated the 1980 covenant not to compete (Ct. Rec. 21 at 11). However, as the government points out, even if the 2002 Asset Purchase

ORDER DENYING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 8

Agreement somehow terminated the 1980 covenant not to compete, that term would not change the characterization of the goodwill that was generated from 1980 through 2002 (Ct. Rec. 30 at 7).

The government relies on three main cases for its position that the goodwill of Dr. Howard's dentist practice was corporate rather than personal: *Furrer v. Comm'r,* 566 F.2d 1115 (9th Cir. 1977); *Martin Ice Cream v. Comm'r,* 110 T.C. 189 (1998); and *Norwalk v. Comm'r,* TC Memo 1998-279, 76 TCM 208 (1998). In a professional corporation, like Dr. Howard's dental practice, employees can create goodwill that is either personal or corporate. *See Furrer v. Comm'r,* 566 F.2d 1115, 1117-1118 (9th Cir. 1977). The *Furrer* court divided an employee's goodwill as goodwill for his company, and separately, goodwill for himself, "such as personal contacts . . . ." *Furrer v. Comm'r,* 566 F.2d 1115, 1117-1118 (9th Cir. 1977). The *Martin* court "found goodwill of a corporation was an individual asset when the employer had not "obtained exclusive rights to either [the employee's] future services or a continuing call on the business generated by [the employee's] personal relationships." *Martin Ice Cream v. Comm'r,* 110 T.C. 189, 208 (1998).

In this case, it is undisputed that Dr. Howard had a contractual obligation under the 1980 employment agreement to continue working for and not to compete against Howard Corporation for the duration and for three years after his holding Howard Corporation stock (Ct. Rec. 28, Ex. F). It is also undisputed that Dr.

ORDER DENYING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 9

Howard held the stock until the Howard Corporation was dissolved at the end of 2003. Therefore, Dr. Howard was bound by the terms of the 1980 employment agreement and covenant not to compete with Howard Corporation until the end of 2003.

The Government primarily relies on *Norwalk v. C.I.R.*, T.C. Memo. 1998-279, 1998 WL 430084 (U.S. Tax Ct. 1998), and *MacDonald v. Comm'r,* 3 T.C. 720, 726, 1944 WL 121 (1944), for the proposition that if an employee works for a corporation under contract and with a covenant not to compete with that corporation, as Dr. Howard did, then the corporation, and not the individual professional, owns the goodwill that is generated from the professional's work. Even when a corporation is dependent upon a key employee, the employee may not own the goodwill if the employee enters into a covenant not to compete or similar agreement whereby the employee's personal relationships with clients may become property of the corporation. *See Norwalk v. Comm'r,* TC Memo 1998-279, 76 TCM 208 (1998) at *7. "In determining the value of goodwill, there is no specific rule, and each case must be considered and decided in light of its own particular facts. Moreover, in determining such value it is well established that the earning power of the business is an important factor" *Id.* at *6 (citing *MacDonald v. Commissioner,* 3 T.C. 720, 726 (1944) and *Estate of Krafft v. Commissioner,* T.C. Memo. 1961-305 (1961)).

ORDER DENYING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 10

Courts have distinguished between personal and corporate ownership of goodwill depending on whether the employee had an ongoing employment contract and a covenant not to compete *Id.* at *7 (citing *Martin Ice Cream Co. v. Commissioner*, 110 T.C. 189, 207, 1998 WL 115614 (1998)("personal relationships of a shareholder-employee are not corporate assets when the employee has no employment contract with the corporation").  Conversely, when there is no employment contract, then the goodwill may be personal.  *See Martin Ice Cream Co. v. Commissioner*, 110 T.C. 189, 207, 1998 WL 115614 (1998).

In this case, Dr. Howard was a Howard Corporation employee with a covenant not to compete with Howard Corporation from 1980 through 2003, plus three years, or 2006.  Therefore, any goodwill generated during that time period was Howard Corporation goodwill.  *See Norwalk; Martin Ice Cream Co.*

The government also contends that Howard Corporation owns the goodwill generated by Dr. Howard's dental practice because Howard Corporation was the entity to earn the income (Ct. Rec. 26 at 10).  The Court has long held that the taxes are owed by the entity who earns the income.  *See Lucas v. Earl*, 281 U.S. 111, 114-15 (1930).  In a professional services corporation that employs a service-providing employee, such as Dr. Howard, a two-part test is used to determine whether the corporation or the employee is considered to be the controller of the income.  *Johnson v. Comm'r,* 78 T.C. 882, 891 (1982), *aff'd without op.* 734 F. 2d

ORDER DENYING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 11

20 (9th Cir. 1984). The first prong is whether the individual is an employee of the corporation; and the second prong is whether there is a contract showing that the individual recognizes the corporation's control. *Id.*

In this case, it is uncontested that Howard Corporation earned the income and paid the taxes on income from Dr. Howard's dental practice pursuant to the 1980 employment agreement that established Howard Corporation's position as employer. The covenant not to compete in the 1980 employment agreement reinforces the conclusion that Howard Corporation controlled the assets, earned the income from Dr. Howard's services, and barred Dr. Howard from competing with Howard Corporation.

Bound by the covenant not to compete with Howard Corporation for a period of three years beyond when Dr. Howard no longer held Howard Corporation stock, which was until the dissolution of the Howard Corporation at the end of 2003 (*see* Ct. Rec. 28, Ex A at 28), Dr. Howard could not have earned income from a competitive dental practice within fifty miles of Spokane (Ct. Rec. 28, Ex F). Therefore, even if the goodwill had belonged to Dr. Howard personally, it likely would have little value, because Dr. Howard could not have practiced within a fifty mile radius from his previous practice location for at least three years beyond the date of the Howard Corporation dissolution. Those prohibitions would likely discourage patients from following Dr. Howard to a new location.

ORDER DENYING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 12

Therefore, the Court finds that the goodwill is a corporate asset of Howard Corporation. The Court further finds that the Howards are not entitled to the refund that they seek for the 2002 tax year.

Accordingly,

**IT IS HEREBY ORDERED**:

1. Plaintiff's Motion for Summary Judgment, **Ct. Rec. 20**, is **DENIED;**

2. Defendant's Motion for Summary Judgment, **Ct. Rec. 25,** is **GRANTED.**

The District Court Executive is directed to enter this Order, enter judgment accordingly, and provide copies to counsel.

**DATED** this 30th day of July, 2010.

*s/ Rosanna Malouf Peterson*
ROSANNA MALOUF PETERSON
United States District Court Judge

ORDER DENYING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 13